[Crim. No. 15316. Fourth Dist., Div. One. Oct. 13, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
STEPHEN LEWIS POLLEY, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Jeffrey J. Stuetz, Deputy State Public Defender, and Martha Schwartzmann for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steven H. Zeigen and Josephine A. Kiernan, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BROWN (Gerald), P. J.**—Stephen Polley appeals his conviction of first degree murder, contending the superior court erred in refusing to instruct the jury on involuntary manslaughter, in giving an improper definition of malice and in allowing a photograph of the victim's heart into evidence.

In October 1981 Polley and his wife Maria separated. In December 1981 Maria moved into a new residence; in an attempt to hide from him, she did not give Polley the new address. Less than a month later, however, Polley found Maria's new home. On the morning of January 4, 1982, he phoned a friend and told her he had found Maria and he was going to kill her. On that same morning, he visited Maria's apartment and broke a window. He then went to the naval base where he was stationed, called Maria and told her he knew where she lived, left his car and returned to Maria's apartment in a friend's car. After receiving Polley's call, Maria left work and went to her apartment. When Polley arrived she refused to let him in. He entered through the window he had broken earlier. After Polley and Maria argued, he shot her twice, once in the back of the head and once in the chest. The second shot passed through Maria's heart.

Polley was charged with murder (Pen. Code, § 187) and entry of an inhabited building with the intent to commit murder (Pen. Code, § 459). Both counts were accompanied by an allegation of use of a firearm (Pen. Code, § 12022.5). The jury found Polley murdered and burgled, using a firearm in committing both offenses. Polley's motion for a new trial was denied and he was sentenced to prison 27 years to life for murdering, while sentence for the burglary was imposed and stayed.

Polley's main contention on appeal is the superior court erred in refusing to instruct the jury on involuntary manslaughter. Penal Code section 192 says a defendant may be convicted of involuntary manslaughter if it is found he killed another human being without malice "in the commission of an unlawful act, not amounting to felony; or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection; . . . ." At trial Polley contended evidence was presented to support a finding this section applies on two grounds: (1) the jury could find the killing occurred during the commission of a lawful act done in a negligent manner because Polley testified he shot Maria while he was attempting to commit suicide and (2) the jury could find the killing occurred during the commission of a misdemeanor because Polley exhibited a firearm in a rude, angry or threatening manner in violation of Penal Code section 417, subdivision (a)(2). We need not decide whether either of those two theories is valid, because the verdict shows the jury rejected the first prerequisite to an involuntary manslaughter verdict: the absence of malice. Any error in the failure to give the involuntary manslaughter instruction, therefore, was harmless.

In *People* v. *Sedeno* (1974) 10 Cal.3d 703, 721 [112 Cal.Rptr. 1, 518 P.2d 913], (overruled on other grounds, *People* v. *Flannel* (1979) 25 Cal.3d 668, 684, fn. 12 [160 Cal.Rptr. 84, 603 P.2d 1]) the California Supreme Court said: "[I]n some circumstances it is possible to determine that although an instruction on a lesser included offense was erroneously omitted, the factual question posed by the omitted instruction was necessarily resolved adversely to the defendant under other, properly given instructions. In such cases the issue should not be deemed to have been removed from the jury's consideration since it has been resolved in another context, and there can be no prejudice to the defendant since the evidence that would support a finding that only the lesser offense was committed has been rejected by the jury." See also *People* v. *Frierson*, (1979) 25 Cal.3d 142, 157 [158 Cal.Rptr. 281, 599 P.2d 587]; *People* v. *Kozel*, (1982) 133 Cal.App.3d 507, 525 [184 Cal.Rptr. 208]; *People* v. *Eaker* (1980) 100 Cal.App.3d 1007, 1013 [161 Cal.Rptr. 417], cert. den. 449 U.S. 859 [66 L.Ed.2d 75, 101 S.Ct.161]; *People* v. *Tanner* (1975) 95 Cal.App.3d 948, 957 [157 Cal.Rptr. 465]; *People* v. *Roberts* (1975) 51 Cal.App.3d 125, 133-134 [123 Cal.Rptr. 893].) The defendant in *Sedeno* made the same argument Polley does here, i.e., his first degree murder conviction was improper because the jury was not instructed on involuntary manslaughter. The Supreme Court explained such an argument is normally without merit. "In the instant case, the jury necessarily rejected defendant's evidence that his diminished capacity negated intent to kill when it found the shooting to be first degree rather than second degree murder. Thus, the failure to give an instruction on involuntary manslaughter could not have been prejudicial

to defendant since the offense could have been no less than voluntary manslaughter. Had there been no further error we could affirm the judgment since failure to give that instruction did not remove a material issue from the consideration of the jury." (*People v. Sedeno, supra,* 10 Cal.3d 703, 721.) *Sedeno* reversed the first degree murder conviction because in addition to not instructing on involuntary manslaughter, the trial court gave an improper felony murder instruction, which removed the issue of malice from the jury once it found the killing occurred during the commission of a felony. ██ No such error was made here as the jury was instructed on second degree murder and voluntary manslaughter as well as first degree murder and was correctly told the role malice plays in the definitions of those crimes. The first degree murder verdict, therefore, shows the jury found Polley acted with malice; any error in not giving the involuntary manslaughter instruction was harmless.

██ There is also no merit to Polley's contention the instruction given to define express malice was improper. The superior court gave CALJIC No. 8.11, which says "Malice is express when there is manifested an intention unlawfully to kill a human being." Polley contends this definition is improper because Penal Code section 188 says malice is express "when there is manifested a deliberate intention unlawfully to take away the life of a fellow creature"; Polley claims CALJIC No. 8.11 is improper because it does not include the word deliberate, which is in the statutory definition. CALJIC No. 8.11 has been used since 1966 without criticism from the Legislature or courts. (See *People v. Rivera* (1981) 127 Cal.App.3d 136, 152-153 [179 Cal.Rptr. 384], cert. den. 457 U.S. 1123 [73 L.Ed.2d 1338, 102 S.Ct. 2942]; *People v. Roberts, supra,* 51 Cal.App.3d 125, 133.) Its omission of the word "deliberate" does not make it inconsistent with the Penal Code definition of malice as its inclusion of the word "intention" connotes a purposeful or deliberate state of mind. (See Black's Law Dict. (5th ed. 1979) pp. 727-728.) Furthermore, by omitting "deliberate," CALJIC No. 8.11 avoids confusion with the first degree murder instruction, which centers around a definition of "deliberate." (See CALJIC No. 8.20.) The superior court did not err in giving CALJIC No. 8.11.

██ The superior court also acted properly within its discretion in admitting into evidence the photograph of Maria's perforated heart taken during the autopsy. The photo accurately showed the injury Polley inflicted and the cause of death.

It ill behooves one who has committed the sordid act of murder to complain over the sordid picture he has left. Words attempt to picture the condition of the victim. Why not a photo and save the words?[1] The photo here

---

[1] For murder, though it hath no tongue, will speak with most miraculous organ (Hamlet, act II, scene II).

showed clearly what words try to describe. The photo was a fair representation of reality.

The judgment is affirmed.

Cologne, J., and Butler, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 28, 1983.